MOTION GRANTED
s/Judge John R. Adams
U.S. District Court
10/31/04

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Summit County Democratic Central And Executive Committee, et al., | : : : | |
| Plaintiffs, | : : | Case No. 5:04-cv-2165 |
| v. | : : | Judge Adams |
| J. Kenneth Blackwell, et al. | : : | |
| Defendants. | : | |

## MOTION TO INTERVENE OF CHALLENGERS

Pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure, Matthew Heirder, Sam Ewing, Elizabeth Coombe and David Timms, challengers from Allen, Franklin, Summit and Warren County, Ohio, individually and as representatives of all others similarly situated challengers from all of Ohio's counties, except Hamilton County[1], for Election Day, November 2, 2004, (collectively, "Intervenors"), hereby move this Court for an order granting leave to intervene as Defendants in this proceeding. Intervenors have a vital interest in the subject matter of this proceeding and are so situated that the disposition of this action may, as a practical matter, impair or impede their ability to protect those interests.

Intervenors seek to intervene to protect their interests, which are similar to all individual voters in Ohio who have an interest in a fair and orderly election process that complies with both state and federal law.

As set forth more fully in the attached Memorandum in Support, Intervenors are entitled to intervene in this action as a matter of right under Fed. R. Civ. P. 24(a)(2). Alternatively,

---

[1] Three Hamilton County challengers have already intervened in an action styled *Marion Spencer, et al. v. J. Kenneth Blackwell, et al.*, Case No. 1:04-cv-00738 (S.D. Ohio) (J. Dlott).

1051891v3

Intervenors respectfully request that this Court permit them to intervene under Fed. R. Civ. P. 24(b)(2).

        Respectfully submitted,

        AMER CUNNINGHAM CO., L.P.A.

        /S/ Tom Houlihan
        Jack Morrison, Jr. (#0014939)
        Thomas M. Saxer (#0055962)
        Thomas R. Houlihan (#0070067)
        Attorneys for Intervenors
        159 South Main Street
        Key Building, Sixth Floor
        Akron, Ohio 44308-1322
        (330) 762-2411
        Fax (330) 762-9918
        Houlihan@Amer-law.com

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

**I.     INTRODUCTION**

Plaintiffs the Summit County Democratic Central and Executive Committee, Marco Sommerville, Karen Doty, Timothy Gorbach and James B. McCarthey (collectively, "Plaintiffs") brought this suit against J. Kenneth Blackwell, Secretary of State, Patricia Wolfe, Director of Elections for the State of Ohio, the Summit County Board of Elections ("BOE"), Alex R. Arishnkoff, Director of the BOE, John N. Schmidt, Deputy Director of the BOE, Wayne M. Jones, Joseph R. Hutchinson, Jr., Russell M. Pry as individual members, in their official and individual capacities, of the BOE, and Unknown Challengers and Government Officials (collectively, "Defendants") alleging violations of federal laws.

**II.    BACKGROUND**

Plaintiffs bring claims under 42 U.S.C. §1983 and allege that the Defendants' conduct violates the First and Fourteenth Amendment to the United States Constitution.

Plaintiffs seek to have this Court issue an order prohibiting the Defendants from permitting challengers in the polling places of Hamilton County during the November 2, 2004 election.

Ohio Revised Code § 3505.20(C), however, expressly provides that voters may be challenged on the basis that they do not reside in the precinct in which they vote.  This a statutorily enumerated right that is a critical and fundamental step in the process aimed at preventing false registrations and fraud and completely within a state's well-established authority to govern the electoral process.  Ohio law further provides that these challenges may be performed at the polling site, O.R.C. §3505.20, and that a qualified challenger is "permitted to watch every proceeding of the judges and clerks of elections from the time of the opening until the close until the closing of the polls." O.R.C §3505.21.  Such is the law.

As the United States Supreme Court held, "[t]he states have long been held to have broad powers to determine the conditions under which the right of suffrage may be exercised." *Mason v. Missouri*, 179 U.S. 328, 335 (1900). While the right of suffrage is established and guaranteed by the Constitution, it is subject to the imposition of nondiscriminatory state standards that do not contravene any restriction Congress has imposed. See *United States v. Classic*, 313 U.S. 299, 315 (1941) (*overruled on other grounds*). The Ohio General Assembly enacted those exacting standards in Title 35 of the Ohio Revised Code.

The elimination of the ability to challenge a questionable voter registration would take away a powerful tool of elections officials to identify and remedy voter fraud and will create the opportunity for individuals to cast votes when not legally entitled to do so or allow individuals to cast multiple votes.

Further, Plaintiffs' allegations and demand for relief are flawed, misrepresented, and unjustified as Plaintiffs will not suffer irreparable harm if the relief requested is not granted. Absent any action by this Court, the individual Plaintiffs if challenged, will still each be permitted to vote at a minimum a provisional ballot in the November 2, 2004 election, pursuant to the Help America Vote Act of 2002 ("HAVA"), codified at 42 U.S.C. §15482 *et seq.* Indeed, this was a purpose and intent of HAVA.

### III. THE INTERVENORS

Mr. Matthew Heirder resides at 707 Raleigh Creek Dr., in Cridersville, Ohio, Allen County. Mr. Heirder is a duly registered voter who has regularly exercised his right to vote by appearing at his assigned precinct as required by Ohio law.

Mr. Sam Ewing resides at 495 Bobwhite Trail, Akron, Ohio, in Summit County. Mr. Ewing is also a registered voter who also regularly casts his ballot at the precinct in which he resides.

Ms. Elizabeth Coombe of 5827 Bethany Rd. in Mason, Ohio, Warren County, is also a duly registered voter. Like the other Intervenors and the majority of Ohio voters, Ms. Coombe votes on federal, state, and local issues at his assigned precinct.

Mr. David Timms resides at 5033 Marden Ct., in Gahanna, Ohio, Franklin County. Mr. Timms is a duly registered voter who has regularly exercised his right to vote by appearing at his assigned precinct as required by Ohio law.

## IV. ARGUMENT

Congress created HAVA to specifically address state procedures for casting ballots. Among its many provisions, HAVA requires that state and local election officials permit any individual whose name does not appear on the official registration list for the polling place, or whose eligibility to vote is called into question, to vote a provisional ballot. 42 U.S.C. §15482.

If Plaintiffs are registered, as their Complaint alleges, but are challenged at the precinct, there is a remedy already in place. A remedy enumerated under HAVA, which grants each individual a right to cast —at a minimum—a provisional ballot. Since such remedy exists there is no reason to grant Plaintiffs the relief demanded and in turn create confusion and disorder in the administration of the election, and strip the BOE of an essential shield to protect against voter fraud. Intervenors, and all Ohio voters, have a significant interest in a smooth, orderly and legitimate election.

### A. Intervenors are Entitled To Intervene as of Right.

Federal Rule of Civil Procedure 24(a)(2) provides that upon timely application, anyone shall be permitted to intervene in an action:

1051891v3

> "…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 24 intervention is designed to balance the competing interests of "judicial economy resulting from the disposition of related issues in a single lawsuit and focused litigation resulting from the need to govern the complexity of a single lawsuit." Jansen v. Cincinnati, 904 F.2d 336, 339-340 (6th Cir. 1990). For this reason, "Rule 24 is liberally construed and doubts are resolved in favor of the proposed intervenor." Liberte Capital Group v. Capwill, 2002 U.S. Dist. LEXIS 25233 (D. Ohio, 2002); see also, Purnell v. City of Akron, 925 F.2d 941, 950 (6th Cir. 1991).

Rule 24(a)(2) establishes that, in order for intervention to be proper, four elements must be met:

> (1) the application must be timely;
> (2) the intervenor must have a *substantial* legal interest in the subject matter of the action;
> (3) the intervenor's ability to protect that interest may be impaired in the absence of intervention; and
> (4) the parties already before the court may not adequately represent intervenor's interest.

Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999) overruled on other grounds, 156 L. Ed. 2d 257, 123 S. Ct. 2411. See also, Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989). In this case, Intervenors meet all four criteria.

### 1. The Motion to Intervene is Timely Filed.

In considering whether a motion to intervene is timely, a court must consider five factors:

> (1) the point to which the lawsuit has progressed; (2) the purpose for which the intervention is sought; (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of the interest in the case; (4) the prejudice to the original parties due to the proposed intervener's failure, after he or she knew or reasonably should have known of

his interest in the case, to apply promptly for intervention: and (5) the existence of unusual circumstances militating against or in favor of intervention.

Jordan v. Michigan Conf. of Teamsters Welfare Fund, 207 F.3d 854, 862 (6th Cir. 2000).

In this case, Plaintiffs filed their Complaint on Thursday, October 28, 2004. The Motion to Intervene has been filed very early in this litigation, just one day after Intervenors became aware of their interest in the instant case. As such, the Motion is timely.

>  2. Intervenors Have a Significant and Recognizable Interest In the Subject Matter of This Action.

While Rule 24(a) does not specify the nature of the interest required for intervention as a matter of right, the Supreme Court held that "what is obviously meant . . . is a significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531 (1971). The Sixth Circuit applies "a rather expansive notion of the interest sufficient to invoke intervention of right." Michigan State v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997). This Circuit rejects "the notion that Rule 24(a)(2) requires a specific legal or equitable interest." Miller, 103 F.3d at 1245 (quoting Purnell v. City of Akron, 925 F.2d 941, 948 (6th Cir. 1991)).

Intervenors have a substantial interest in assuring the integrity of the Ohio election system. "[M]aintaining the election system that governed their exercise of political power" is a recognized basis for intervention as of right under Rule 24. Meek v. Metropolitan Dade County, 985 F.2d 1471, 1480 (11th Cir. 1993), cited with approval in Miller, 103 F.3d at 1246. As individual registered voters, Intervenors have a substantial interest in participating in a fair and orderly election system that operates in accordance with law.

Intervention is particularly appropriate in cases such as elections, which involve the public interest. For purposes of evaluating the right to intervene, "[t]he interest requirement may be judged by a more lenient standard if the case involves a public interest question . . . ." 6

Moore's Federal Practice § 24.03[2][c]. This is because, "[i]n such cases, the representation of divergent interests is extremely important." Id. Here, it is not enough to simply protect the interests of the officials overseeing the administration of elections. This Court must also consider the divergent interests of individual voters regardless of their political affiliation.

If Plaintiffs' demand is granted, anyone may be permitted to cast a ballot without being properly registered. This remedy would take away one of the lines of defense to the barrage of fraudulent voter registrations that have been received in Ohio.[2] Because Intervenors have a substantial interest in casting votes that will not be diluted by the fraudulent votes of others, Intervenors should be permitted to intervene as of right.

### 3. The Disposition of This Action May As a Practical Matter Impair or Impede Intervenors' Ability to Protect Their Interests.

"To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." Michigan State, 103 F.3d at 1247. In weighing this prong of the Rule 24 analysis, this Court may also consider the time-sensitive nature of a case. Americans United for Separation of Church and State v. City of Grand Rapids, 922 F.2d 303 (6th Cir. 1990); Miller, supra. Whereas, here, time does not permit an intervenor to bring a separate action to protect his rights, intervention as of right is particularly appropriate.

### 4. Intervenors' Interests Are Not Adequately Represented.

As to the fourth element of intervention as of right, the Sixth Circuit holds that "proposed Intervenors need only show that there is a *potential* for inadequate representation." Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000), quoting Grutter, 188 F.3d at 400

---

[2] There have been numerous reports of voter registration fraud in Ohio within the past weeks. For example, see the attached article from the Cleveland Plain Dealer regarding the charges and investigation in Defiance County where a

(emphasis in original).  The moving party carries only a "minimal burden" of showing that their interests are inadequately represented by the existing parties.  <u>Trbovich v. United Mine Workers</u>, 404 U.S. 528, 538 n.10, (1972).

Based on the foregoing, this Motion to Intervene clearly satisfies the "minimal" burden under Rule 24(a)(2) of showing that representation of Intervenors' interests by the existing parties "may be" inadequate.  Defendants Blackwell, the BOE, and the members of the BOE may represent the interests of the boards of elections in ensuring the enforcement of the election laws, but they cannot represent the unique circumstances of the Intervenors, with specific concerns of vote dilution and the irreversible damage to the integrity of the system from an individual voter's perspective.  As such, Intervenors should be permitted to intervene as a matter of right.

    B.    <u>Alternatively, Intervenors Should be Permitted to Intervene Under Fed R. Civ. P. 24(b).</u>

If intervention of right is not granted, Intervenors submit that they should be allowed to intervene permissively.  With respect to permissive intervention, Rule 24 states:

> **(b) Permissive Intervention.**  Upon timely application, anyone may be permitted to intervene in an action...(2) when an applicant's claim or defense and the main action have a question of law or fact in common.…In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b).

"Permissive intervention under Rule 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation."  <u>Morocco v. Nat'l Union Fire Ins. Co.</u>, 2003 U.S. Dist. LEXIS 17918  (S.D. Ohio, 2003), quoting <u>Morelli v. Morelli</u>, 2001 U.S. Dist. LEXIS 25457 (S.D. Ohio 2001).  In this case, Intervenors intend to assert several defenses that are both legally and factually related to Plaintiffs' claims, including that Plaintiffs' requested

---

voter registration solicitor "made up" the 130 names and addresses that he included on voter registration cards

1051891v3

relief is inappropriate, unnecessary, and not required under state or federal law. These issues constitute common factual and legal questions sufficient to justify permissive intervention.

Furthermore, intervention in this action at this early stage would not unduly delay or prejudice the proper and just adjudication of the rights of the original parties in any way. Intervenors do not seek to expand the scope of this proceeding by incorporating new issues that are unrelated to Plaintiffs' allegations, but only to ensure that Intervenors' interests and those of millions of similarly situated voters throughout Ohio are adequately protected. Recently, the this Court allowed individual voters the right to intervene in an action alleging violations of state and federal election law to support the Secretary of State, alleging violations of state and federal election laws and an individuals rights of due process. Sandusky Democratic Party, et al. v. Blackwell, 3:04CV7582, affirmed in part and reversed in part, No. 04-4266, (6th Cir. 2004). Similarly, U.S. District Court for the Southern District of Ohio in an Order issued just two days ago allowed individual challengers the right to intervene in an action alleging violations of HAVA and NVRA. Miller, et al. v. Blackwell, et al., 1:04CV735, (S.D. Ohio filed October 27, 2004).

The participation of Intervenors would not result in an unmanageable number of parties and clearly would be compatible with efficiency and due process. If anything, intervention would promote judicial efficiency by diminishing the prospect of future litigation by Intervenors and would ensure the adequate representation of others who have similar interests. Consequently, Intervenors should be permitted to intervene under Rule 24(b) in order to facilitate the resolution of their common claims of law and fact in one proceeding consistent with the principles of judicial economy.

IV. **CONCLUSION**

---

(attached hereto as Exhibit A).

1051891v3

For the foregoing reasons, Intervenors respectfully urge the Court to issue an order permitting them and all similarly situated challengers to intervene in this action as party Defendants.

Respectfully submitted,

AMER CUNNINGHAM CO., L.P.A.

/S/ Tom Houlihan_____
Jack Morrison, Jr. (#0014939)
Thomas M. Saxer (#0055962)
Thomas R. Houlihan (#0070067)
Attorneys for Intervenors
159 South Main Street
Key Building, Sixth Floor
Akron, Ohio 44308-1322
(330) 762-2411
Fax (330) 762-9918
Houlihan@Amer-law.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document, was served upon counsel participating in the Court's ECF/CM system this 29th day of October, 2004.

/S/ Tom Houlihan_____
Counsel for Intervenor-Defendants

1051891v3